DA 09-0241

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 405N

IN RE THE MARRIAGE OF

CHRISTY CASSEL,

      Petitioner and Appellee,

  and

MARK W. CASSEL,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DR 05-005
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mark Bauer; Attorney at Law, Great Falls, Montana

      For Appellee:

      Shari M. Gianarelli; Gianarelli Law Office, PLLC, Conrad, Montana

Submitted on Briefs:  November 4, 2009

Decided:  November 24, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The parties are the divorced parents of two minor children aged 9 and 2, and they share custody pursuant to a final parenting plan of July 31, 2006.  The 2006 parenting plan provides that Christy, who lives in Canada, is the primary custodial parent, and that the children stay with Mark, who lives in Shelby, Montana, two of every three weekends and on holidays.  Both parties moved to modify the parenting plan and agreed to have Robert Page, PhD, perform a custody evaluation.  Page found that there were no changed circumstances to support a change in the parenting plan. He recommended that the children reside temporarily with Mark as an experiment because the older child expressed a desire to do so.  After a hearing in July, 2008, but before the District Court announced a decision, the parties agreed that the children would temporarily reside with Mark and would attend counseling with Maureen McInnis, a licensed counselor in Great Falls.  The parties agreed that they would abide by McInnis' custody recommendations, and the District Court incorporated the agreement into an order.

2

¶3     The children lived with Mark for four months and then returned to live with Christy in Canada.   Counselor McInnis recommended that there were no changed circumstances and that the custody arrangement in the 2006 parenting plan should be continued.   Mark objected and refused to follow the prior agreement that he would comply with the McInnis recommendations.   The District Court held a hearing and entered findings of fact, conclusions of law and an order on March 31, 2009.   The District Court relied upon the Page report and to some extent on the McInnis report to find that both parents provided safe homes and that there were no changed circumstances to warrant a custody modification.   The District Court concluded that the 2006 parenting plan should remain in effect. Mark appeals.

¶4     A district court may in its discretion modify an existing parenting plan if it finds based on facts that have arisen since the parenting plan that there have been changes in the circumstances of the child, and that modification is necessary to serve the best interests of the child.   Section 40-4-219, MCA.

¶5     The District Court here determined after reports from two professionals and after two hearings that there were no changes in the circumstances of the children.   Mark has not demonstrated that the District Court abused its discretion and we find no reason to disturb the District Court's decision.   Christy was living in Canada and Mark was living in Shelby at the time of the 2006 parenting plan and Mark has not pointed to any substantial change in those circumstances.   The district court in such cases is in a better position than this Court to resolve custody issues, and its decision is presumed to be correct and will be upheld unless a clear abuse of discretion is shown.   *In the Matter of*

3

*the Marriage of Rolfe*, 216 Mont. 39, 44, 699 P.2d 79, 82 (1985); *In the Matter of the Custody of J.M.D.*, 259 Mont. 468, 473, 857 P.2d 708, 712 (1993).

¶6     Mark contends that Christy is estopped from arguing that there has not been a change in the circumstances of the children because in 2006 she moved for a modification of the parenting plan.  At the time of the first hearing in 2008 Christy specifically withdrew her request to modify the parenting plan.  Mark has failed to demonstrate that Christy is estopped, and in any event a change in a parenting plan is governed by § 40-4-219, MCA.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  The issues are clearly controlled by settled Montana law.  There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.  The District Court did not abuse its discretion.

¶8     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

4